## No. IV.

### MONROE EDWARDS v. ROBERT PEOPLES.

#### (See Note 1.)

*Appeal from Brazoria County.*

MILLS, JUSTICE.—It is the opinion of the court that the verdict of the jury in this case was just, and in strict compliance with law. The defect in the property sold was certainly one of a redhibitory character, and the plaintiff below could not therefore have availed himself of any other action to have avoided the payment of the purchase money, or recovered damages for the imposition.

The first ground offered by appellant to this court on his motion to set aside the verdict should have been specially objected to in the court below to have availed him here. It seems by the transcript of the rec-

---

Note 1.—Edwards v. Peoples, p. 359.

Errors not objected to in a trial court can not be raised on appeal. Edwards v. Peoples, Dal., 359; Mann v. Thruston, Dal., 370; Bailey v. Hardy, Dal., 376; Wescott v. Menard, Dal., 503; Darly v. Chevallier, Dal., 555; Hansborough v. Towns, 1 T., 58; Crosby v. Houston, 1 T., 203; Burton v. Anderson, 1 T., 93; O'Connor v. Towns, 1 T., 107; Jones v. Black, 1 T., 527; Cloud v. Smith, 1 T., 611; Swenson v. Walker, 3 T., 93, 110; Hopkins v. Donaho, 4 T., 336; Coles v. Perry, 7 T., 109; Davenport v. Lackie, 8 T., 351; Pierson v. Burney, 13 T., 272; Shelby v. Burtis, 18 T., 644; Bullock v. Hayter, 24 T., 9; Robinson v. Mattison, 25 T. Supp., 451; Elliot v. Mitchell, 28 T., 105; Allen

ord sent up that the receipt of $1200 was admitted as evidence, else it would certainly have been ruled out by his honor presiding.

The second point made by the appellant is to the professional character or reputation of the examiners. The agreement between the parties that the opinion of Dr. Miller should be "read, received and heard as evidence," so far as the opinion is concerned is certainly, in the opinion of the court, a waiver of all after-objections to the same. It is not alleged by the plaintiff below that the disease of which the slave was afflicted was known to the defendant, but only that he was diseased at the time of sale. If the vendor proclaims the defect of the thing sold, or if it be so apparent that the vendee would be necessarily compelled to observe the same, the redhibitory action could not be afterwards instituted. 9 L. R., 129, 132; 2 L. R., 448; Goodloe v. Hart.

The third point of the appellant is whether the appellee should not have made an overture to appellant to set aside the sale before he commenced his action.

We think not. It is clearly the doctrine of the Spanish Law that all sales fraudulently made may be set aside. But if the thing sold has defects, of which the vendor is not aware, the vendee may only recover the amount of damages sustained. Par., vol. 2, L. 64, p. 707. In a redhibitory action, the court may award only a reduction of the price, as much as in its discretion it may conceive will answer the ends of justice.

Since we have embodied in our law that ever-to-be-prized system of jurisprudence "trial by jury," this discretion of damages has been taken from the judge in whom it existed under the Spanish law, and thrown very properly into the hands of jurors. The jury in this case have not thought proper to rescind the sale, but to award to the plaintiff what they considered equitable damages. This court will never interfere with the erdict of a jury unless manifestly contrary to law and evidence. It can see nothing so irregular as to call for its interference in this case.

It is therefore ordered and decreed that the judgment of the District Court of Brazoria be affirmed.

*Affirmed.*

v. Traylor, 31 T., 124; Andrews v. Jones, 36 T., 149; Hughes v. Roper, 42 T., 116; Carter v. Barnes, 44 T., 544; Johnson v. Blunt, 48 T., 38; Ragsdale v. Robinson, 48 T., 379; Life Ins. Co. v. Ray, 50 T., 511; Urquhart v. Womack, 53 T., 616; Brooke v. Clark, 57 T., 105; Caruth v. Grigsby, 57 T., 259; Farley v. Deslonde, 58 T., 388; Long v. Garnett, 59 T., 229; Langton v. Marshall, 59 T., 269; Flanagan v. Pearson, 61 T., 302; Gaines v. Nat. Exchange Bank, 64 T., 18; Ford v. Cowen, 64 T., 129; Blum v. Golden, 66 T., 621; Cannon v. Cannon, 66 T., 682; Tevis v. French, 71 T., 59; Ellis v. Garvey, 76 T., 371; Shornick v. Hennett, 77 T., 244; Brown v. Perez, 79 T., 157; Cason v. Conner, 83 T., 26; Hanrick v. Curley, 93 T., 458; Lytle v. Custead, 4 T. C. A., 490; Baker v. Collins, 4 T. C. A., 520; Spencer v. James, 10 T. C. A., 327; Eastham v. Sims, 11 T. C. A., 133; Prestage v. Loving, 1 App. C., sec. 707; Adams v. Duggan, 1 App. C., sec. 1268; Sears v. Creen, 1 U. C., 734.